IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BLONDELL F. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-0997-CV-ODS |
| | ) |
| TOM JOYNER, et al, | ) |
| | ) |
| Defendants. | ) |

ORDER

Defendants provided the Court with their citizenship for purposes of diversity jurisdiction. Doc. #38. Because the parties are completely diverse, the Court finds it has original jurisdiction based on diversity of citizenship to adjudicate Plaintiff's state law claims.

The Court orders the parties to provide supplemental briefing on two issues before it addresses Defendants' Motion to Dismiss. First, "in a suit based on diversity of citizenship jurisdiction the federal courts apply…the substantive law of the relevant state." *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1255 (8th Cir. 1996). However, that does not end the inquiry. The Court must determine *which* state's substantive law applies. To do so, the court looks "to the conflict-of-law principles of the state where the district court sits." *Schwan's Sales Enterprises, Inc. v. SIG Pack, Inc.*, 476 F.3d 594, 595 (8th Cir. 2007). Here, the Court is not certain what state's substantive law applies. While all parties appear to cite to Missouri state law, there is some indication in Plaintiff's Complaint and in Plaintiff's Response to Defendants' Motions to Dismiss that the events giving rise to this lawsuit may have occurred in a variety of states – namely Missouri, Iowa, and Colorado. The Court directs Plaintiff to provide supplemental briefing on which state's substantive law applies under a conflict of law analysis on or before April 20, 2015. The briefing shall, at a minimum, discuss (1) when the alleged broadcasts occurred and (2) where Plaintiff resided when the alleged broadcasts occurred. The Court directs Defendants to respond to Plaintiff's supplemental briefing –

regardless of whether Defendants deem Plaintiff's argument substantive or responsive – on or before May 4, 2015.

Second, Plaintiff asserts that some or all of her state law claims' statute of limitations are subject to tolling.  However, Plaintiff provides little if any legal support for this contention.  Accordingly, the Court directs Plaintiff to augment her argument by providing legal support and arguments to support this contention on or before April 20, 2015.  The Court directs Defendants to discuss the statutes of limitations and the potential application of tolling rules  – again, regardless of whether Defendants deem Plaintiff's argument substantive or responsive – on or before May 4, 2015.

Finally, the Court stays all discovery and other proceedings in this matter until it rules on Defendants' Motion to Dismiss. Doc. #35.  The Court also denies Plaintiff's Motion to Compel.  Doc. #32.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 3, 2015                UNITED STATES DISTRICT COURT