IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

BLONDELL F. MITCHELL, )
)
        Plaintiff, )
)
v. ) Case No. 14-0997-CV-ODS
)
TOM JOYNER, et al, )
)
        Defendants. )

ORDER AND OPINION (1) VACATING THE COURT'S GRANT OF PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND (2) DENYING DEFENDANTS' REQUEST TO PROHIBIT PLAINTIFF FROM FILING FUTURE LAWSUITS

Pending before the Court is Defendants' Motion to Dismiss. Doc. #10.

## I. Background

On November 17, 2014, the Court granted Plaintiff Blondell Mitchell's ("Plaintiff") Motion for Leave to Proceed In Forma Pauperis based on Plaintiff's allegations that Defendants incorrectly stated on various media broadcasts that she has AIDS/HIV. Doc. #4. Plaintiff asserted Defendants violated the Lanham Act and committed the torts of invasion of privacy and intrusion into seclusion, false light invasion of privacy, and defamation per se. Doc. #1. On March 25, 2015, the Court determined Plaintiff failed to state a claim against the Defendants for violation of the Lanham Act. Doc. #37.

Defendants seek dismissal of Plaintiff's remaining state law claims on a variety of grounds. The Court will only address Defendants' arguments regarding res judicata.

## II. Legal Standard

Res judicata prohibits a party from "relitigating issues that were or could have been raised in that action." *Lundquist v. Rice Memorial Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001). Res judicata applies when four elements are satisfied:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies.

*Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (citations and quotations omitted).

Pursuant to 28 U.S.C. § 1915, a court may permit a lawsuit to proceed without prepayment of fees. However, "the court shall dismiss the case at any time if the court determines that…the action is frivolous or malicious." *Id*. at § 1915(e)(2)(B)(i). "[A] § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute." *Denton v. Hernandez*, 540 U.S. 25, 34 (1992). "Although a § 1915(d) dismissal does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint, a § 1915(d) dismissal has res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." *Id*. (citations and quotations omitted). See also *Cieszkowska v. Gray Line New York*, 295 F.3d 204 (2d 2002).

### III. Discussion
#### A.

On July 24, 2013, Plaintiff filed a Complaint and a Motion for Leave to Proceed In Forma Pauperis in the U.S. District Court for the Southern District of Iowa.[1] In that complaint, Plaintiff alleged several defendants had committed false advertising in violation of the Lanham Act and had committed various state law torts. A review of the complaint filed in the Southern District of Iowa and of the Complaint filed in this case reveals that the two complaints are, for all intents and purposes, the same complaint. The main differences are: (1) Plaintiff included two new parties in the case before this Court[2] and (2) Plaintiff appears to assert Defendants committed false association, in addition to false advertising, in violation of the Lanham Act in the case before this Court.[3]

---

[1] *See Mitchell v. KJMC 89.3 F.M. et al*, 4:13-cv-00325-JAJ-TJS. A court may take judicial notice of public records and court opinions. *Stutzka v. McCarville*, 420 F.3d 757, 762 n.2 (8th Cir. 2005).

[2] While Plaintiff adds parties to the case before this Court, the Court finds that this does not affect the res judicata effect of another court's prior frivolousness determination. If a complaint is frivolous on its face, it will be frivolous as to any defendant.

[3] Judge John Jarvey also determined Plaintiff's Lanham Act claim was frivolous because to assert a false advertising claim under the Lanham Act the plaintiff and the defendant must be in competition with one another. This is no longer the legal standard to determine standing for a false advertising claim. *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014). However, on March 25,

2

On October 8, 2013, Judge John Jarvey of the Southern District of Iowa denied Plaintiff's Motion for Leave to Proceed in Forma Pauperis and determined "the rest of Mitchell's complaint, outside the Lanham Act claim, is frivolous because the complaint fails to set forth any specific factual support for her broad conclusory assertions of fact or law." Order, p. 6. Because the complaint filed in the Southern District of Iowa is substantially similar to the Complaint filed in this Court, Judge Jarvey's § 1915 dismissal has res judicata effect on this Court's frivolousness determination of Plaintiff's in forma pauperis petition. Accordingly, this Court vacates its grant of Plaintiff's Motion for Leave to Proceed In Forma Pauperis. Doc. #4. Plaintiff is ordered to pay the requisite filing fee no later than May 27, 2015. In the event the filing fee is not paid by May 27, 2015, this case will be dismissed without prejudice.

B.

Defendants seek an Order from this Court prohibiting Plaintiff from filing future lawsuits. Doc. #22. Both the cases Defendants cite in support of this proposition are distinguishable from this case, because the plaintiffs in those cases were filing lawsuits at a much higher rate than Plaintiff in this case. *In re Tyler*, 839 F.2d 1290 (8th Cir. 1988); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980). Additionally, the *Tyler* Court noted that issuing such an Order is a discretionary decision. *In re Tyler*, 839 F.2d at 1293. The Court declines to use its discretion in this manner.

IV. Conclusion

The Court denies Defendants' request for an Order prohibiting Plaintiff from filing future lawsuits. The Court vacates its grant of Plaintiff's Motion for Leave to Proceed In Forma Pauperis. Doc. #4. Plaintiff is ordered to pay the requisite filing fee no later than May 27, 2015. In the event the filing fee is not paid by May 27, 2015, this case will be dismissed without prejudice.

IT IS SO ORDERED

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 12, 2015        UNITED STATES DISTRICT COURT

---

2013, this Court dismissed Plaintiff's Lanham Act claims for false endorsement and false advertising for failure to state a claim. Doc. #37.